**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**BRETT STURDIVANT,**
           **Petitioner,**

**vs.**                                                          **Case No.: 3:05cv397/RV/MD**

**STATE OF FLORIDA,**
           **Respondent.**

---

**ORDER and
REPORT AND RECOMMENDATION**

        This cause is before the court upon petitioner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, (doc. 1), and a motion to proceed *in forma pauperis*, (doc. 2).  For the limited purpose of dismissing this case, leave to proceed *in forma pauperis* will be granted.

        Petitioner is currently incarcerated at the Ada County Jail in Boise, Idaho (doc. 1, p. 1).  He states in his petition that he is challenging a violation of probation conviction and sentence entered in the Ada County Court in August of 2005. Petitioner states no basis for his challenge.  Rather, in the section of the petition form where he is directed to set forth all grounds upon which he claims that he is being held in violation of the Constitution, petitioner writes "N/A."  As relief, petitioner seeks the following: "I wish for the court to dismis [sic] my driving on a suspend[ed] license or set a conviction with no further su[s]pen[s]ion of my license," (doc. 1, p. 6).

        The court takes judicial notice of information on the Ada County Jail website which indicates that petitioner is presently incarcerated for the probation violation. *See* www.adasheriff.org.  The court also takes judicial notice of information on the Escambia County, Florida, Clerk of Court's website which indicates that petitioner

was arrested on April 13, 1996 and charged with operating a vehicle with a suspended driver's license.  *See* www.clerk.co.escambia.fl.us.  That case is still pending.  Thus, it is unclear from the petition whether petitioner is challenging the State of Idaho's judgment of conviction, or the State of Florida's pending charge.[1]

In any event, the petition is due to be dismissed for lack of jurisdiction. Construing the petition as brought under 28 U.S.C. § 2254 to challenge petitioner's custody pursuant to the Idaho state court judgment, the petition must be brought in the United States District Court for the District of Idaho.  *See* 28 U.S.C. § 2241(a) (a petition must be filed in the "district court of the district wherein the restraint complained of is had").  Construing the petition as challenging the pending Florida charge and treating it as brought under 28 U.S.C. § 2241,[2] jurisdiction is still lacking. Petitioner alleges no facts to suggest that he is in custody on the Florida charge. Furthermore, the record is clear that petitioner is not incarcerated in this district. *See* 28 U.S.C. § 2241(a); *see also Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (section 2241 petitions must be filed in the district court in which the prisoner is incarcerated).

Accordingly, it is ORDERED:

Petitioner's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED.

---

[1]**Attached to petitioner's motion to proceed *in forma pauperis* is an inmate request to the Ada County Jail seeking a copy of petitioner's inmate account statement "to send to Florida so that I can get a case dismissed. . . ."  (Doc. 2, Attach.).**

[2]**Title 28 United States Code § 2241, the statute applicable to persons in custody who claim that their custody violates the Constitution, is the proper vehicle for persons challenging their pre-trial detention as opposed to a final judgment of a state court.  *See Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) (a pre-trial habeas petition is only properly asserted pursuant to 28 U.S.C. § 2241), *cert. denied*, --- U.S. ---, 125 S.Ct. 881, 160 L.Ed.2d 772 (2005); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States.  Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.'  Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."), *cert. denied,*  541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004); *Stacey v. Warden, Apalachee Correctional Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to person in custody regardless of whether final judgment has been rendered.").**

**And it is respectfully RECOMMENDED:**

**That this case be dismissed for lack of jurisdiction, and the clerk be directed to close the file.**

**At Pensacola, Florida, this 26th day of October, 2005.**


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:05cv397/RV/MD*